## ESLAVA *vs.* DePEYSTER.

[ACTION ON PROMISSORY NOTE.]

1. *Action on negotiable note ; what plea may be stricken out.*—A plea to a complaint, by an indorsee against an indorser, on a promissory note payable in bank, that the note was given for a balance due on a purchase of real estate made since May 1st, 1865, and that a part of the purchase money was paid, is irrelevant, and should be stricken out.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The cause of action was a promissory note, dated May 13, 1866, payable to the appellant, at the First National Bank of Mobile, and due two years after its date. The complaint was substantially in the form prescribed in an action by an indorsee against an indorser. To this, the defendant pleaded that the note was given for the balance of the purchase-money of real estate, in this State, upon a purchase made in this State since the 1st of May, 1865, and that part of the purchase-money was paid. On motion of the plaintiff this plea was stricken out, and this action of the court is the error assigned.

J. LITTLE SMITH, for appellant.

P. HAMILTON, *contra.*—The plea is founded on the act of 1868 (Pamph. Acts, pp. 134–5).

1. It presents no defense to 'the action. The statute does not pretend to have any effect upon the recovery on notes given in purchase of land; it has no influence upon the amount for which judgment in such case shall be rendered. ˙ In truth, the act (see § 4) contemplates judgment being rendered for the whole amount due on the contract, and is directory to the sheriff as to the amount which he may annually collect upon the execution in such case, to-wit, one-fourth of the principal and interest found to be *due ;* but this is not matter of plea. .

2. The plea was frivolous, and properly stricken out by the court.—30 Ala. 562, 572; 39 Ala. 96.

3. Every intendment will be made in favor of the ruling of the court below. It may be that the plea was not filed in time, or that some other rule had been violated, and for that reason stricken out by the court.—Revised Code, §§ 2662–3; 38 Ala. 506.

4. At most, it was error without injury, even if the objection should have been taken by a demurrer. The defense, if any, was presented by the plea of the general issue.—35 Ala. 361; 32 Ala. 536; 38 Ala. 291.

5. The plea was worthless, because the act on which it was founded is unconstitutional; it impairs the obligation of the contract. The record shows that the note sued on was made 15th May, 1866, and was payable two years after the date thereof, to-wit, 15–18th May, 1868, and payable at bank. Yet the act, which was made after the maturity of the note, to-wit, on the 12th of August, 1868, declares the holder of such note shall not collect his debt, as contracted to pay, but only at the rate of 25 per cent. per annum, and so extend the time of payment four years beyond the time contracted for.—*Weaver v. Lapsley,* 43 Ala. 224; 1 How. 311; 2 ib. 612; 3 ib. 716; 24 ib. 461; 2 Wall. 10.

B. F. SAFFOLD, J.—The plea is founded upon a provision of an act "to regulate judicial proceedings in certain cases," approved August 12, 1868. This act authorizes a

stay of execution in favor of purchasers of land since May 1st, 1865, under certain circumstances. Even if it were not unconstitutional—about which there is no necessity for an expression of opinion—it has no reference to the rendition of judgment in the cases to which it was intended to apply. The plea was properly stricken out as irrelevant. Rev. Code, § 2630.

The judgment is affirmed.

